United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRINEO BADILLO GERVACIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 4:26-cv-05244 |
| v. | § | |
| | § | |
| WARDEN, Joe Corley Processing Center, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER TO ANSWER**

The petitioner, Irineo Badillo Gervacio, is currently detained in the custody of officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) at the Joe Corley Processing Center. Represented by counsel, the petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued confinement. (Dkt. No. 1). On July 28, 2026, the court entered an Order requiring the respondents to file an answer or other appropriate responsive pleading within ten (10) days after the date of service, making the response deadline August 7, 2026. (*See* Dkt. No. 4).

On August 7, 2026, the respondents filed a Motion to Stay Proceedings. (Dkt. No. 5). Citing the order entered on July 21, 2026, in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747 (5th Cir. July 21, 2026) (the "Stay Order"), the respondents argue that the instant case should be stayed pending the Fifth Circuit's *en banc* decision on the merits in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557, No. 26-50183 (5th Cir. July 2, 2026). The respondents did not respond to the substance of the § 2241 petition or otherwise provide a justification for the petitioner's continued detention.

The Court is not persuaded that the Stay Order, which granted the government's motion for a stay of the district courts' judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*, requires a stay of proceedings in this case. A sister court in the Western District of Texas has ably explained why the Stay Order does not prohibit continued resolution of pending habeas petitions asserting due process arguments:

> After careful consideration, the Court finds that the interim stay order does not prohibit its continued resolution of the hundreds of pending immigration habeas petitions on due process grounds.
>
> First, the Fifth Circuit only stayed the three judgments before it on appeal pending its ultimate determination on the merits of the due process issue. *Id.* "Such an order 'does not make or signal any change to the law' and 'is not a ruling on the merits.'" *Estrada v. Ybarra*, No. 26-CV-1897-KC, 2026 WL 2168090, at *1 (W.D. Tex. July 28, 2026) (quoting *Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) (citation modified)). Second, insofar as the interim stay order is precedential, it "was issued without any explanation [or] analysis whatsoever," making it impossible to determine its meaning and scope. *Estrada*, 2026 WL 2168090, at *1–2; *see also Camacho v. Dep't of Homeland Sec.*, No. 26-CV-01717-DB, 2026 WL 2137156, at *3 (W.D. Tex. July 24, 2026) (declining "to infer directives of constitutional magnitude from the Fifth Circuit where none have been given").
>
> Moreover, prompt resolution is contemplated by the nature of the writ of habeas corpus, which "must not be allowed to founder in a procedural morass." *Harris v. Nelson*, 394 U.S. 286, 291 (1969) (citation modified); *see* 28 U.S.C. § 2243 ("A court ... entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." (emphasis added)). The notion that district courts must now stay all action across the hundreds of habeas proceedings challenging mandatory detention under § 1225(b)(2)(A) is untenable.
>
> As such, the Court will proceed with its resolution of such challenges "until told to do otherwise." *Estrada*, 2026 WL 2168090, at *2 (citation modified) (collecting cases).

*Josefa Tiquiram-Us v. Warden, Dilley Immigr. Processing Ctr.*, No. SA-26-CV-04473-OLG, 2026 WL 2242499, at *1 n.1 (W.D. Tex. July 31, 2026). Other courts have also reached the same conclusion. *See, e.g.*, *Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3

(S.D. Tex. July 27, 2026); *Guerra Estrada v. De Anda Ybarra*, No. EP-26-CV-1897-KC, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026); *Gearvis Mercado Leyva v. United States Department of Justice Immigration Court.*, No. 5:26-CV-01196, 2026 WL 2211321, at *1 n.1 (S.D. Tex. July 23, 2026).

Because the respondents have not responded to the § 2241 petition or provided a justification for the petitioner's continued detention, the Court will order the respondents to immediately release Irineo Badillo Gervacio.

The Court **ORDERS** as follows:

1. The respondents' Motion to Stay Proceedings (Dkt. No. 5) is **DENIED.**

2. The petition for a writ of habeas corpus filed by Irineo Badillo Gervacio (Dkt. No. 1) is **GRANTED** in part.[1]

3. Any other pending motions are **DENIED as moot**.

4. The respondents are **ORDERED** to release Irineo Badillo Gervacio from custody, under conditions of release (if any) no more restrictive than those in place prior to the detention at issue in this case, **within 24 hours of entry of this Order**. The petitioner must be released in a public place within the Southern District of Texas, and the respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than three hours before his release**.

5. The respondents are **ORDERED** to return to the petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during his detention.

6. If the respondents seek to re-detain the petitioner during the pendency of his removal proceedings, they must provide notice to the petitioner and a pre-detention hearing before an immigration judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

[1] The petitioner seeks attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Although the Court is sympathetic to this request, Fifth Circuit precedent does not authorize attorney's fees for successful petitions brought under 28 U.S.C. § 2241. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024). The request for attorney's fees and costs is denied.

The respondents similarly may not subject the petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

7. The parties are further **ORDERED** to **CONFER** and **FILE** a joint status report **within five (5) days of the date of this Order**, confirming that the petitioner has been released and indicating whether this case may be closed.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on August 19, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge